**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ZACH SCHELLHASE, *individually and on behalf of a class of similarly situated individuals,*<br><br>Plaintiff,<br><br>vs.<br><br>CHILDREN'S HEALTHCARE OF ATLANTA, INC., a Georgia nonprofit corporation, and SCOTTISH RITE CHILDREN'S MEDICAL CENTER, INC., a Georgia nonprofit corporation,<br><br>Defendants. | **COMPLAINT - CLASS ACTION AND COLLECTIVE ACTION**<br><br><u>JURY TRIAL DEMANDED</u><br><br>No. |

Plaintiff Zach Schellhase, individually and on behalf of himself and all others similarly situated, by and through counsel, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* on behalf of Plaintiff and similarly situated current and former employees of Children's Healthcare of

Atlanta, Inc. and Scottish Rite Children's Medical Center, Inc. (hereinafter together also referred to as "Children's Healthcare of Atlanta" or "Defendant"), and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

2. This action also seeks to recover unpaid compensation, as well as interest, costs, and any other appropriate relief, under Georgia law, on behalf of Plaintiff and similarly situated current and former employees employed by Defendant (the "State Law Class," as hereinafter more fully defined).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's state law claim because that claim arises out of the exact same nucleus of facts and is so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because both named Defendants have their principal places of business and reside in this district, Plaintiff resides and worked in this district for Defendant, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6. Plaintiff Schellhase is an individual and a resident of the State of Georgia. Plaintiff has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

7. Defendant Children's Healthcare of Atlanta, Inc. is a Georgia nonprofit corporation with its principal office located at 1575 Northeast Expressway, Atlanta, Georgia 30329. Children's Healthcare of Atlanta, Inc. is the parent and controlling corporation of an integrated pediatric healthcare system operating hospitals, physician practices, urgent care centers, and related healthcare facilities throughout the Atlanta metropolitan area.

8. Defendant Scottish Rite Children's Medical Center, Inc., is a Georgia nonprofit corporation that owns and operates Children's Healthcare of Atlanta at Scottish Rite, a pediatric hospital located at 1001 Johnson Ferry Road NE, Atlanta, Georgia 30342, where Plaintiff was employed. Defendant Scottish Rite Children's Medical Center, Inc. is wholly owned and controlled by Defendant Children's Healthcare of Atlanta, Inc., which employed or acted in the interest of an employer with respect to Plaintiff and other similarly situated current and former hourly employees. Children's Healthcare of Atlanta, Inc. shared or exercised control over the terms and conditions of their employment, including the employment policies and practices challenged in this action, and was identified as the employer on Plaintiff's paychecks.

# FACTUAL ALLEGATIONS

## Defendant's Business and Defendant's Status as an Employer

9. Defendants collectively hold themselves out as "Children's Healthcare of Atlanta," a nonprofit pediatric healthcare system that describes itself as "the only freestanding pediatric healthcare system in Georgia" and one of the largest pediatric clinical care providers in the country.[1] Children's Healthcare of Atlanta represents that it provides more than sixty (60) pediatric subspecialties and specialized programs and manages more than one million patient visits annually through three hospitals—Arthur M. Blank Hospital, Scottish Rite Hospital, and Hughes Spalding Hospital—as well as Marcus Autism Center, the Center for Advanced Pediatrics, urgent care centers, and other healthcare facilities throughout the Atlanta metropolitan area. *Id.* Children's Healthcare of Atlanta further represents that its hospitals and affiliated healthcare organizations operate as part of a coordinated pediatric healthcare system under common corporate control and governance, with the parent corporation serving as the controlling organization of its hospital and related healthcare affiliates.[2]

---

[1] Children's Healthcare of Atlanta, 2025 Community Health Needs Assessment, https://www.choa.org/-/media/Files/Childrens/about-us/community/chna_final_2025.pdf

[2] Children's Healthcare of Atlanta, Inc. and Affiliates, Consolidated Financial Statements for 2024 and 2023, Note 1, https://www.choa.org/-/media/Files/Childrens/about-us/disclosures/audited-financial-statements/2024-issued-financial-statements.pdf.

10. Defendant is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA, and was an employer covered by Georgia law.

11. Defendant utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

12. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

15. At all times relevant, Plaintiff and other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

16. At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

17. Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class inasmuch as Defendant, Children's Healthcare of

Atlanta, Inc., either individually or through its corporate subsidiaries and affiliates, including Scottish Rite Children's Medical Center, Inc., exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

**Defendants' Business and Their Failure to Pay All Hours Worked as a Result of Their Rounding and Pay Policies**

18. Plaintiff Schellhase was employed for a number of years by Defendants, and during all relevant time periods to this case worked at Children's Healthcare of Atlanta at Scottish Rite in Atlanta, Georgia as a Registered Nurse. He was hired to work for Defendant as an hourly, non-exempt employee, and on occasion worked at least forty (40) hours per week. During his time as an employee at Children's Healthcare of Atlanta at Scottish Rite, and during all times relevant to this case, Plaintiff and other members of the FLSA Collective and the State Law Class were required to clock in and out at the beginning and end of their shifts at Defendant's locations to record their hours worked.

19. Accordingly, at the beginning of their workdays, Plaintiff and the members of the FLSA Collective and the State Law Class clocked in as required and performed the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Similarly, Plaintiff and the members of the FLSA Collective and the State Law Class regularly worked, stopped working, and clocked

out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and the State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

20. Defendant implemented a time-rounding policy under which employees were expected to clock in and begin working up to seven (7) minutes before their scheduled shifts, with that time rounded forward to their scheduled starting times. Employees were instructed not to clock in more than seven (7) minutes early because doing so would result in their time being rounded in their favor, triggering additional compensation.

21. Upon hiring or otherwise during their employment, Plaintiff and the members of the FLSA Collective and State Law Class were informed that they could be penalized for clocking in after their scheduled shift starting times. If employees were late in clocking in, they would get an occurrence and after a certain number of occurrences, they could be written up and even suffer termination. Defendant thus utilized its attendance and disciplinary policies to pressure employees to clock in

early to avoid discipline, while discouraging them from clocking in sufficiently early to benefit from its rounding policy. Once clocked in, employees were expected to begin performing their principal job duties.

22. For example, as a Registered Nurse, Plaintiff routinely had shifts scheduled from 7:00 a.m. to 7:00 p.m. To avoid discipline for possibly clocking in late, Plaintiff routinely clocked in about five to seven minutes before his shift starting time, and immediately began performing his job duties, including such things as setting up rooms for admissions, checking patient assignments and reviewing patient records. At no time was Plaintiff instructed not to work prior to the start of his scheduled shift time. Defendant nevertheless rounded Plaintiff's clock-in time forward to 7:00 a.m. and did not pay him for the work he performed for Defendant before that time.

23. Similarly, Plaintiff and the members of the FLSA Collective and State Law Class regularly continued working after their scheduled shifts ended, but Defendant rounded their clock-out times backward to their scheduled ending times. For example, although Plaintiff's shift routinely ended at 7:00 p.m., and he most often clocked out at that time, there would be occasions when completing items of work (such as staying late due to codes or emergencies, etc.) caused him to clock out a few minutes later. When it was less than seven minutes, Defendant did not pay Plaintiff for this additional time worked, which time was rounded back to 7:00 p.m.

Although these additional and post-shift minutes (as with his pre-shift minutes) caused Plaintiff to exceed forty (40) hours worked in workweeks in which he had worked forty or more hours, Defendant failed to compensate him for this time at one and one-half times his regular rate of pay.

24. Defendant recorded employees' actual clock-in and clock-out times to the minute but thus paid them based on rounded, edited, modified, and/or otherwise inaccurate or incomplete time records that excluded time worked before and after their scheduled shifts. As a result, Plaintiff and the members of the FLSA Collective and State Law Class thus regularly performed work for which they were not paid, including several additional minutes each workday.

25. Defendant's rounding policy was not neutral, either facially or in practice, and systematically operated to Defendant's benefit. By combining its rounding practices with attendance and disciplinary policies that encouraged employees to clock in early and discouraged them from clocking in sufficiently early to receive additional compensation, Defendant ensured that its rounding practices resulted, over time, in employees being paid for fewer hours than they actually worked.

26. Plaintiff and the members of the FLSA Collective and State Law Class thus regularly performed work before and after their scheduled shifts that was required by Defendant, performed for Defendant's benefit, and constituted their

principal job duties and responsibilities. Defendant suffered and permitted this work, accepted its benefits, and knew or had reason to know that employees were performing it, yet failed to include the rounded-off time in calculating their wages. *See* 29 C.F.R. §§ 785.11, 785.13.

27. During the relevant time period, Plaintiff did sometimes work more than forty (40) hours per workweek, and in such weeks, the pre- and post-shift work that he did and that was rounded away was in addition to his non-overtime forty hours of work that he did that week and in addition to the overtime for which he was paid. In workweeks in which Plaintiff and the members of the FLSA Collective and the State Law Class worked more than forty (40) hours, or eighty (80) hours in a two-workweek period pursuant to application of the "8/80" rule permitted under 29 C.F.R. § 778.601,[3] Defendant failed to pay Plaintiff and the members of the FLSA Collective and State Law Class overtime at a rate of one and one-half times the regular rate of pay for all such hours, as required by the FLSA, 29 U.S.C. § 207. Similarly, in workweeks in which Plaintiff and the members of the State Law Class worked less than overtime hours, Defendant failed to pay straight-time wages for all hours worked.

[3] "Overtime hours" as used herein will therefore mean either hours in excess of forty per workweek or, for those paid pursuant to the 8/80 rule, over 8 in any single workday within a fourteen-day period or in excess of 80 for the fourteen-day period.

28. Defendant's rounding and time-editing practices violated 29 C.F.R. § 785.48(b), which permits rounding to the nearest five minutes, one-tenth of an hour, or quarter hour only where the practice does not result, over time, in employees being undercompensated for the hours they actually worked. Defendant's rounding practices accordingly systematically deprived Plaintiff and the members of the FLSA Collective and State Law Class of straight and overtime wages owed under the FLSA and Georgia law.

29. Defendant's rounding and time-editing practices were systematic, company-wide policies originating at the corporate level and resulting from knowing or reckless management decisions. Defendant knew or should have known that employees regularly performed work during the periods rounded away, yet failed to ensure that they were paid for that work. Because Defendant's timekeeping system recorded actual clock-in and clock-out times to the minute, there was no administrative difficulty in paying employees for all time worked. Nevertheless, Defendant failed to do so.

**<u>Defendant's Record Keeping Violations</u>**

30. The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

31. Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week on which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

32. Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA's record keeping requirements.

**<u>The Willfulness of Defendant's Violations</u>**

33. By denying Plaintiff and members of the FLSA Collective and State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith.

34. Defendant is a large and highly sophisticated employer, with an in-house legal team. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal law or acted in reckless disregard as to Defendant's obligations under these laws.

35. Accordingly, Defendant's failure to compensate Plaintiff and other members of the FLSA Collective for hours worked in excess of forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207.

36. Plaintiff and members of the FLSA Collective and State Law Class are therefore entitled to damages, including liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. §§ 216(b) and 260, as well as unpaid wages and damages under Georgia law.

**FLSA COLLECTIVE OVERTIME ALLEGATIONS**
**(As to COUNT ONE)**

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36, as if fully rewritten herein.

38. Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the date of judgment in this action who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.[4]

39. Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies,

[4] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members he seeks to have the Court serve notice based upon further investigation and discovery.

and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

40. Plaintiff and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff will prosecute this action vigorously on their behalf.

41. Plaintiff and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

42. Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of

similarly situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consists of approximately one thousand or more persons.

**CLASS ACTION ALLEGATIONS**
**(As to COUNT TWO)**

43. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36, as if fully rewritten herein.

44. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of himself and a group of employees of Defendant who assert violations of Georgia law (referred to herein as the "State Law Class"), defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of four years preceding the commencement of this action to the date of judgment who were not paid for all straight/non-overtime hours worked by virtue of having their time rounded and/or edited.

45. There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their hours worked;

(b) Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation violated Georgia law;

(c) Whether Defendant's violations of Georgia law were willful; and

(d) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay non-overtime compensation owed when the wages were required to be paid.

46. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

47. The State Law Class, outlined above, is so numerous that joinder of all State Law Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of at least approximately fifteen thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, as set forth above.

48. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

49. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary

questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**
***On Behalf of Plaintiff and the FLSA Collective***

51. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 42, as if fully rewritten herein.

52. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

53. Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

54. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

55. The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.,* apply to Defendant.

56. At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

57. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

59. As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

60. As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

61. Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT TWO
**(State Law Claim for Unjust Enrichment/Quantum Merit)**
***On Behalf of Plaintiff and the State Law Class***

62. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 36,43 and 43 through 50, as if fully rewritten herein.

63. Plaintiff brings his Georgia law claim as a class action on behalf of himself and the State Law Class pursuant to Fed. R. Civ. P. 23.

64. Plaintiff brings this claim on behalf of himself and the members of the State Law Class as a result of Defendant's permitting him and the State Law Class members to work for its benefit and for not paying them wages for all the time that they worked due to the beginning and end of shift time deletion/editing/rounding wrongful practices and/or policies as set forth above.

65. As alleged above, the terms of compensation established by Defendant promised employees they would be paid wages for the hours they worked at the promised hourly rate, and all of the work Plaintiff and other members of the State Law Class performed during their employments was performed under, and in return for, those terms of compensation. Plaintiff and other members of the State Law Class expected to be paid for all their work at the time they rendered their services.

66. However, Plaintiff and other members of the State Law Class were not paid the hourly rates they agreed to be paid for all hourly work completed but were instead paid less than agreed as a result of Defendant's time editing, rounding, on-the-clock but time deducted, and other time deduction practices and/or policies.

67. Defendant has been unjustly enriched at the expense of Plaintiff and other members of the State Law Class. Defendant was unjustly enriched by the retention of promised hourly wages that were earned and that rightfully belong to

Plaintiff and other members of the State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and other members of the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

68. Allowing Defendant to knowingly retain the valuable benefits provided by Plaintiff and other members of the State Law Class—free, unpaid labor—under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Plaintiff's and other members of the State Law Class's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

69. As a direct and proximate result of Defendant's unjust enrichment and quantum merit described herein, Plaintiff and other members of the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the State Law Class but not paid by Defendant.

70. Having injured Plaintiff and other members of the State Law Class, Defendant is liable to Plaintiff and other members of the State Law Class in the full amount of regular wages that remain unpaid, exemplary or punitive damages as applicable, pre- and post-judgment interest as applicable, costs and reasonable attorneys' fees as may be allowed by the Court, an award of damages representing

Defendant's employer share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, and such other and further relief as provided under law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and other members of the FLSA Collective and State Law Class, as applicable, prays that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and Georgia law and enjoining Defendant from continuing to violate the FLSA and Georgia law, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiff and other members of the State Law Class all damages allowed by Georgia law, including but not limited to all unpaid wages and all other penalty damages available;

I. Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J. Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employer share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K. Enter such other and further relief as this Court deems equitable, just, and proper.

Date: October 23, 2026

Respectfully submitted,

*_/s/ Roger W. Orlando_*

Roger W. Orlando
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
315 W. Ponce de Leon Ave.,
Suite 400
Decatur, GA 30030

Telephone: (404) 373-1800

Michael A. Galpern*
**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100

Seth R. Lesser*
Jessica Rado*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com

Ryan A. Winters*
Kevin M. McDermott II*
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED RULE 23 CLASS COUNSEL*

* ADMISSION MOTION OR *PRO HAC VICE* TO BE FILED